IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRONE PALMER, ) | |
| ) | Case No.: 16-cv-4051 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY DEMANDED |
| ) | |
| VIVIFY CONSTRUCTION, LLC, ) | |
| and VIKTOR JAKOVLJEVIC, ) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Sherrone Palmer, individually and on behalf of others similarly situated, complains against Defendants Vivify Construction, LLC ("Vivify") and Viktor Jakovljevic ("Jakovljevic"), alleging claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Chicago Minimum Wage Ordinance. Plaintiff brings his FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b), and his state and municipal claims as a putative class action pursuant Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

1. This complaint arises from Defendants' failure to pay Plaintiff and a class of other individuals one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek. Plaintiff, on behalf of himself and others similarly situated, now seeks to recover unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Chicago Minimum Wage Ordinance.

**Parties**

2. Sherrone Palmer worked as a laborer for Defendants from in or about July 2015 to about December 2015.

3. Defendant Vivify is an Illinois corporation headquartered in Melrose Park, Illinois, which is located in Cook County. During relevant times, Vivify maintained a business facility in Chicago and was subject to one or more of the City's licensing requirements.

4. Defendant Jakovljevic manages and operates Vivify Construction. Upon information and belief, he is a resident of Cook County, Illinois.

5. During relevant times, Defendant Vivify and Defendant Jakovljevic were Plaintiff's employer for purposes of the FLSA, IMWL, and the Ordinance.

**Jurisdiction and Venue**

6. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiff in Cook County and this judicial district.

7. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Facts**

8. Defendant Vivify is in the business of residential construction in the Chicagoland area.

9. Plaintiff was an employee of Vivify from in or about July 2015 to in or about December 2015.

10. During his employment, Plaintiff conducted clean-up work and other construction labor for Defendants on residential construction project sites.

11. Plaintiff and other similarly situated individuals routinely worked for Defendants in excess of forty hours in a workweek. A sample of Plaintiff's paycheck stubs showing hours worked during each bi-weekly pay period are attached as Exhibit A.

12. Defendants never paid Plaintiff and the other employees one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

13. Plaintiff performed the vast majority of his work for Defendants in the City of Chicago. Plaintiff worked more than forty hours in a workweek for Defendants in the City of Chicago.

**Enterprise Status**

14. From April 5, 2013 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose. During relevant times, Defendants engaged in well over $500,000 in annual sales or business.

**Collective and Class Allegations**

15. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as an opt-in representative or collective action on behalf of himself and an **"FLSA Overtime Class,"** consisting of all hourly employees of Vivify Construction between April 5, 2013 and the present and who, during that time, worked in excess of forty hours a week in any workweek.

16. Plaintiff brings his Illinois Minimum Wage Law claims as set forth in Count II, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all other individuals who worked for Vivify as hourly employees between April 5, 2013 and the present,

3

and who, during that time, worked in excess of forty hours a week in any workweek ("**the IMWL Class**").

17. Plaintiff brings his City of Chicago Minimum Wage Ordinance claims as set forth in Count III, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all other individuals who worked for Vivify as hourly employees between July 1, 2015 and the present, and who, during that time, worked in excess of forty hours a week in any workweek ("**the Chicago Minimum Wage Ordinance Class**").

18. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

19. The classes are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that the classes include dozens of former and current Vivify employees.

20. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

   a. Whether Vivify denied Plaintiff and the FLSA Overtime Class overtime wages due and owing under the FLSA;

   b. Whether Vivify denied Plaintiff and the IMWL Class overtime wages due and owing under the Illinois Minimum Wage Law;

   c. Whether Vivify denied Plaintiff and the Chicago Minimum Wage Ordinance Class overtime wages due and owing under the Chicago Minimum Wage Ordinance;

21. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is a member of the FLSA Overtime class, the IMWL Class, and the Chicago Minimum

Wage Ordinance Class. Plaintiff's claims are typical of the claims of all class members. Plaintiff's interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

22. Plaintiff has retained counsel competent and experienced in complex and class action litigation.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

24. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act

25. Plaintiff incorporates all prior allegations as if fully stated herein.

26. Defendants employed Plaintiff and members of the FLSA Overtime Class.

27. Plaintiff and members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

28. Plaintiff and members of the FLSA Overtime Class were not supervisors or otherwise exempt employees as defined by the FLSA and relevant regulations.

29. Defendants never paid Plaintiff and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

30. Defendants' violations of the FLSA were willful.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## **Count II – Illinois Minimum Wage Law**

31. Plaintiff incorporates all prior allegations as if fully stated herein.

32. Defendants employed Plaintiff and members of the IMWL Class.

33. Plaintiff and members of the IMWL Class regularly worked for Defendants in excess of forty hours in a workweek.

34. Defendants never paid Plaintiff and members of the IMWL Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as representative of the IMWL class;

c. Appointing the undersigned counsel as class counsel;

d.  Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.  Awarding the IMWL Class compensatory damages in an amount be determined at trial;

f.  Awarding the IMWL Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g.  Awarding the IMWL Class unpaid wages due as provided by the IMWL;

h.  Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

i.  Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

j.  Awarding such other relief as this Court deems just and proper.

## Count III – City of Chicago Wage Ordinance

35. Plaintiff incorporates all prior allegations as if fully stated herein.

36. Defendants employed Plaintiff and the members of the Chicago Minimum Wage Ordinance Class.

37. Plaintiff and members of the Chicago Minimum Wage Ordinance Class regularly worked for Defendants in excess of forty hours in a workweek.

38. Defendants never paid Plaintiff and members of the Chicago Minimum Wage Ordinance Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.  Appointing Plaintiff as representative of the Chicago Minimum Wage Ordinance class;

c.  Appointing the undersigned counsel as class counsel;

    d.   Declaring that the actions complained of herein violate the Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-040;

    e.   Awarding the Chicago Minimum Wage Ordinance Class compensatory damages in an amount be determined at trial;

    f.   Awarding the IMWL Class unpaid overtime wages due as provided by the Chicago Minimum Wage Ordinance;

    g.   Awarding penalties in the amount of three times of all unpaid overtime wages, as contemplated by Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-110;

    h.   Awarding reasonable attorneys' fees and costs of this action as provided by the Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-110;

    i.   Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

                                Respectfully submitted,

                                /s/Christopher J. Wilmes_____
                                One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
Chirag G. Badlani (Illinois Bar No. 6308523)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street
Suite 4000
Chicago, Illinois 60602
312-580-0100